UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILLI H.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C22-5109-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

      Plaintiff Billi H. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by misevaluating the medical evidence and her testimony and by failing to discuss the weight given to the lay witness statements. Dkt. 11. Although the Court finds no error in the ALJ's assessment of the medical evidence, the Court finds that the ALJ erred by failing to give specific reasons for rejecting plaintiff's testimony and by failing to give any reasons for discounting the lay witness evidence. Accordingly, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      Plaintiff is currently 44 years old, has at least a high school education, and has worked as a mortgage loan processor. Tr. 1051. She applied for benefits in August 2017, alleging disability

as of June 30, 2015. Tr. 201. The Commissioner issued a final decision finding plaintiff not disabled. Tr. 1, 22-39. On appeal, this Court reversed that decision and remanded for further administrative proceedings. Tr. 1149-63. On remand, the ALJ conducted a second hearing and issued a second decision finding plaintiff not disabled. 1034-53. Plaintiff now seeks review of that decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: a neurogenic bladder, gastroparesis, fibromyalgia, chronic low back pain status post lumbar surgery, a right shoulder rotator cuff impairment, migraines, insomnia, a bipolar disorder, depression, anxiety, and post-traumatic stress disorder; and that these impairments did not meet or equal the requirements of a listed impairment. Tr. 1039-40. The ALJ found that plaintiff had the residual functional capacity to perform less than the full range of light work, with additional exertional, reaching, postural, and environmental limitations; she could perform simple, routine tasks, frequently interact with supervisors and coworkers and occasionally interact with the public in a superficial nature; she must work indoors within two to three minutes of a bathroom. Tr. 1042-42. The ALJ found that plaintiff could not perform her past work, but, as there are jobs that exist in significant numbers in the national economy that she could perform, she was not disabled. Tr. 1051-53.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

### A.     Medical opinions

Plaintiff argues that the ALJ erred in weighing the medical opinions of Karen Hye, Psy.D., and physical therapist Alika Antone, D.P.T, as cosigned by Christine Macatuno, M.D. Dkt. 11 at 5, 9. When considering medical opinions for applications filed on or after March 27, 2017, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she considered the factors of supportability and consistency, but the ALJ is not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b), 416.920c(b); §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has held that the revised regulations governing applications filed after March 27, 2017, are irreconcilable with the prior caselaw that gave special deference to the opinions of treating and examining doctors on account of their relationship with the claimant and that required the ALJ to provide specific and legitimate reasons to reject a treating doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The court recognized that

"insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations." *Id.* Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

Plaintiff posits that the *Woods* court offered no guidance as to the level of articulation required for a reviewing court to determine whether an ALJ's decision was supported by substantial evidence and has thereby "sown confusion" in the review of an ALJ's assessment of a medical opinion's persuasiveness. Dkt. 11 at 5. She argues that the Court should therefore review the ALJ's weighing of opinion evidence using the same factors that have been applied for over 30 years—i.e., the factors developed under prior caselaw. *Id.*

This argument directly contravenes the *Woods* court's holding that the use of these factors is irreconcilable with the revised regulations. The Court cannot accept plaintiff's invitation to review the ALJ's decision in a manner that directly contravenes the governing regulations and binding Ninth Circuit case law. The Court will evaluate whether the reasons the ALJ gave for finding the opinions unpersuasive meet the requirements of the revised regulations and are supported by substantial evidence. But the Court cannot and will not hold the ALJ to a higher standard than required by the regulations and the case law.

    1.    Dr. Hye

Dr. Hye, plaintiff's treating psychologist, submitted a statement in December 2017 in which she stated that to her understanding, plaintiff had significant daily functioning impacts due to her mood disorder, panic disorder, fibromyalgia, migraines, and chronic pain; per plaintiff's report, her functioning had declined significantly since her symptoms had developed several years ago. Tr. 843. Dr. Hye reported her observations that plaintiff experienced pain and fatigue.

*Id.* She also reported that plaintiff exhibited symptoms of cognitive impairment, including confusion, attention, and concentration, which Dr. Hye opined was likely due to a combination of psychological factors and fibromyalgia, and which were demonstrated on cognitive screening tests. *Id.* Dr. Hye also reported that plaintiff was socially isolated, which caused her to experience significant symptoms of depression, and had symptoms of panic with agoraphobia. Tr. 844. She opined that plaintiff was significantly limited in many areas of functioning and would struggle in a work environment. Tr. 845-47.

In October 2018, Dr. Hye stated that plaintiff's impairments and limitations remained the same as at the time of her previous opinion, and that since that time plaintiff had failed two medication trials and was in the process of establishing psychiatric treatment with a new provider. Tr. 841-42.

In April 2019, after the first ALJ decision finding plaintiff not disabled, Dr. Hye wrote a letter rebutting the ALJ's assessment of her opinion. Tr. 1384-87. She wrote that, contrary to the ALJ's finding that plaintiff had no therapy appointments or evaluations with Dr. Hye after late 2017, plaintiff had consistently been under Dr. Hye's care since June of 2017 and Dr. Hye had seen plaintiff 40 times between that date and the date of the letter. Tr. 1384. Dr. Hye also noted that the ALJ had not discussed her October 2018 update or referenced plaintiff's psychiatric treatment records or the psychiatric medication plaintiff had been prescribed. *Id.* And Dr. Hye disputed numerous specific findings from the first ALJ decision, including the ALJ's assessment of plaintiff's insomnia, mood, affect, cooperation, cognition and mental limitations, and ability to engage in activities of daily living and travel. Tr. 1385-87. Dr. Hye opined that plaintiff's chronic medical and mental health issues affected her ability to be a reliable, productive employee on a sustained basis and that, although plaintiff followed through on all treatment

recommendations, she had been unable to find a medication regimen that decreased her symptoms to a manageable point. Tr. 1597. Dr. Hye opined that based on the unpredictability of plaintiff's panic disorder and fibromyalgia, it was unlikely that she could return to consistent, full-time work. *Id.*

The ALJ found these opinions unpersuasive, finding that they were inconsistent with plaintiff's frequently unremarkable mental status examinations, they were unsupported by Dr. Hye's only somewhat remarkable objective findings, Dr. Hye admittedly based many of her opinions on plaintiff's subjective reports regarding her functioning, as opposed to objective testing, and there was no indication Dr. Hye ever examined plaintiff with respect to her physical condition, including her fibromyalgia, and Dr. Hye is not a medical examiner. Tr. 1049-50.

Plaintiff argues that these reasons are not supported by substantial evidence. Dkt. 11 at 7. She first argues that the ALJ cited to only two examples to support the finding regarding unremarkable mental status exams and this does not constitute substantial evidence. *Id.* The ALJ cited to a September 2016 neurology consultation and a March 2019 psychiatric progress note, both documenting unremarkable mental status examination findings. Tr. 1049 (citing Tr. 607, 1548). But plaintiff does not point to other mental status examinations that were consistent with Dr. Hye's opinions. The ALJ could reasonably conclude that the severe limitations Dr. Hye opined would be present in mental status examinations by other providers and the lack of such consistency undermined the persuasiveness of Dr. Hye's opinions. Plaintiff also asserts that Dr. Hye's personal observations carry more weight than mental status examinations that were unrelated to the symptoms Dr. Hye described. Dkt. 11 at 7. But this argument merely proposes a reweighing of the evidence, which cannot form the basis for reversal. *Thomas*, 278 F.3d at 954.

Plaintiff next argues that the ALJ's finding that Dr. Hye's opinion was only somewhat supported by the objective findings "missed the mark" because Dr. Hye was opining as to plaintiff's ability to function in a work environment, not describing plaintiff's daily functioning, and therefore the objective findings the ALJ cited, which documented plaintiff's presentation in a clinical setting, represented a "jumping off point." Dkt. 11 at 7. This argument merely proposes an alternative—and convoluted—interpretation of Dr. Hye's opinions, which the ALJ was not required to accept. Even if plaintiff's proposed interpretation is plausible, the Court may not accept it over the ALJ's interpretation. *Thomas*, 278 F.3d at 954.

Plaintiff next argues that the ALJ improperly relied on his own interpretation of the medical evidence, which Dr. Hye disputed in her April 2019 rebuttal letter. Dkt. 11 at 8. In the order reversing the first ALJ decision, the court found that Dr. Hye's April 2019 letter undermined the ALJ's assessment of her December 2017 opinion and directed the ALJ to reevaluate the opinions on remand. Tr. 1161. But the ALJ was not required to accept Dr. Hye's opinions, either as originally given or as explained in the rebuttal letter. Rather, the ALJ was required to evaluate the persuasiveness of Dr. Hye's opinions pursuant to the revised regulations. The fact that the ALJ found the opinions unpersuasive does not establish error in the ALJ's assessment of them.

Finally, plaintiff argues that Dr. Hye did not opine on physical limitations but rather reported her observations of plaintiff's pain and fatigue. Dkt. 11 at 7. However, Dr. Hye repeatedly stated that the limitations she opined were due to plaintiff's physical impairments combined with her mental impairments. For example, in December 2017 Dr. Hye attributed plaintiff's cognitive impairment to fibromyalgia and pain as well as anxiety and depression; her social isolation to pain, anxiety, and fatigue; and her low frustration tolerance to her comorbid

physical and mental health issues. Tr. 843-44. In April 2019, Dr. Hye opined that plaintiff's "mental and physical issues can have a significant impact on her mood." Tr. 1385. She opined that plaintiff would not be able to manage a household on her own due to her medical and psychological symptoms. Tr. 1386. And she opined that plaintiff "suffers from chronic medical and mental health issues" that affect her ability to work on a sustained basis and, based on the unpredictability of her panic disorder and fibromyalgia it was unlikely that she could return to consistent, full-time work. Tr. 1387. The ALJ could reasonably find that the opinions of Dr. Hye, who is a psychologist and not a medical doctor, were not persuasive because she repeatedly opined on limitations caused at least in part by plaintiff's physical impairments, an area where she did not have medical expertise.

Similarly, the ALJ's finding that Dr. Hye relied on plaintiff's subjective reports is supported by Dr. Hye's own statements. For example, Dr. Hye stated that "to [her] understanding" plaintiff had significant daily functioning impacts because of her diagnoses and that plaintiff's functioning had declined significantly over the years "per her report." Tr. 843. In her rebuttal letter, Dr. Hye also relied on plaintiff's reports about her daily functioning, including when describing her mood and affect and her activities of daily living. Tr. 1385-87.

The ALJ explained the reasons he found Dr. Hye's opinions to be unpersuasive, and those reasons were supported by substantial evidence. The ALJ did not err in discounting those opinions.

Although not assigned as a separate error, plaintiff argues that the ALJ discounted the opinion of Alyssa Ruddell, Ph.D., for the same reasons he discounted Dr. Hye's opinions and that this was also erroneous for the reasons she argued above. Dkt. 11 at 9. Because the Court

found no error in the ALJ's assessment of Dr. Hye's opinion, the court declines to address this argument based on the same assertions of error.

      2.      *Ms. Antone and Dr. Macatuno*

In December 2017, Ms. Antone, plaintiff's physical therapist, opined that plaintiff could carry 10 pounds occasionally and less than 10 pounds more frequently; she could stand and walk less than 2 hours per workday, sit for 4 hours per workday, and needed to shift positions at will and lie down during a work shift; she had postural, reaching, pushing/pulling, and environmental limitations; and she had other limitations, including a need to be absent from work more than three times per month and limitations on coping with stress. Tr. 854-61. Dr. Macatuno cosigned Ms. Antone's opinion and completed a separate form stating that she agreed with Ms. Antone's opinions. Tr. 861, 862-69.

The ALJ found this opinion to be unpersuasive because it was a on a check-box form, it was inconsistent with the objective medical evidence of record, including plaintiff's frequently mild or unremarkable objective physical examination findings, and it was unsupported by the unremarkable objective examination findings of Dr. Macatuno, including generally normal gait findings and normal motor function testing. Tr. 1048.

Plaintiff asserts that the court previously found that the types of findings cited by the ALJ were consistent with findings that could be expected from plaintiff's fibromyalgia, arguing that the ALJ's findings on remand did not cure the error. Dkt. 11 at 10. This argument refers to the court's previous finding that the ALJ erred in assessing plaintiff's testimony about fibromyalgia. Tr. 1154. Plaintiff fails to explain how this finding establishes error in the ALJ's assessment of this medical opinion.

      Plaintiff also argues that the ALJ failed to discuss why the findings he cited were more persuasive than the limited range of motion and reduced strength noted in the objective testing during physical therapy appointments and the observations of increased pain during static positioning. Dkt. 11 at 10-11. However, "determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [medical providers] falls within [the ALJ's] responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ was entitled to find the opinion less persuasive based on the inconsistent findings he identified, even if plaintiff can identify other findings that she asserts were not inconsistent.

      Finally, plaintiff asserts that the ALJ failed to consider limitations arising from plaintiff's gastroparesis and kidney impairment, which plaintiff states were not addressed in the decision. Dkt. 11 at 11. Plaintiff does not further develop this argument, either by pointing to evidence that the ALJ should have considered but did not, or by identifying any limitations she alleges were caused by these impairments and that the ALJ failed to include. The Court declines to address this perfunctory assertion, with no discussion of the applicable law or facts. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) (*citing Vandenboom v. Barnhar*t, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met listings because claimant provided no analysis of relevant law or facts regarding listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review)). However, because the Court is remanding this case for

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

further administrative proceedings, plaintiff is free to assert any arguments she has with respect to these impairments on remand.

### B. Plaintiff's testimony

Plaintiff argues that the ALJ failed to give specific, clear, and convincing reasons for discounting her testimony. Dkt. 11 at 11. Where, as here, the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A single conclusory statement rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found not credible and why is not sufficient to reject a claimant's testimony, even when that statement is followed by a summary of the evidence. *Id.*

Here, the ALJ found that plaintiff's "treatment-seeking history, diagnostic test results, clinical signs, reported symptoms, medications and other prescribed treatment demonstrate that the claimant's statements about the intensity, persistence, and limiting effects of his or her [sic] symptoms are inconsistent." Tr. 1044. The ALJ followed this statement with a summary of treatment notes pertaining to her physical and mental impairments. Tr. 1044-48.

Plaintiff argues that the ALJ simply summarized the treatment notes and other findings, with no reference to how they undermined her testimony or connection to any specific impairment was legal error. Dkt. 11 at 11-12. The Court agrees. The ALJ failed to identify which of plaintiff's statements the ALJ found not credible, did not identify what evidence undermined plaintiff's complaints, and did not identify any inconsistencies between the evidence and plaintiff's testimony. Instead, the ALJ merely described the treatment notes without making any connection between those notes and plaintiff's testimony. Providing a summary of the medical evidence in support of an RFC finding is not the same as providing clear and convincing reasons for discounting a claimant's testimony. *Brown-Hunter*, 806 F.3d at 494. The Court finds that the ALJ failed to give clear and convincing reasons to discount plaintiff's testimony and that this was harmful legal error.

### C.  Lay witness statements

Plaintiff's mother and uncle provided lay witness statements describing their observations of how plaintiff's impairments impacted her functioning. Tr. 279-86, 324-27. The ALJ stated that he considered the statements but because they were statements from nonmedical sources, he was not required to articulate how he considered them in terms of persuasiveness. Tr. 1051.

Plaintiff argues that the ALJ applied the wrong legal standard when declining to address how he considered the lay witness statements. Dkt. 11 at 14. The Commissioner argues that the ALJ's approach was valid under the revised regulations. Dkt. 16 at 7-8.

The relevant portion of the revised regulations states: "Evidence from nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section." 20 C.F.R. § 404.1520c(d). The plain language of the regulation does not state that the ALJ is not required to discuss the weight given

to lay witness statements, nor does it state that the ALJ need not provide an explanation for rejecting a lay witness statement. It states that the ALJ is not required to discuss lay witness statements using the framework required for discussing medical opinions.

Interpreting this regulation as eliminating any requirement to discuss lay witness evidence would permit an ALJ to discount, without explanation, probative evidence of disability. Indeed, allowing the ALJ to discount lay witness evidence with no explanation would run afoul of 42 U.S.C. § 405(g), which permits the court to reverse an ALJ decision that is not supported by substantial evidence. The court cannot determine whether a decision is supported by substantial evidence when evidence is rejected without explanation or comment.

The ALJ erred in failing to provide any discussion regarding the weight given to the lay witness statements and failing provide any rationale for discounting those statements.

**D.     Remand for benefits**

Plaintiff asks the Court to remand this case with instructions to award benefits. Dkt. 11 at 16. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The court finds that not all the conditions for an award of benefits are met. Although the record has been fully developed and the ALJ failed to provide legally sufficient reasons to reject

evidence, it is not clear that even if the improperly rejected evidence were credited as true, the ALJ would be required to find plaintiff disabled. Rather, the court finds that further administrative proceedings would be useful in order to allow the ALJ to reevaluate plaintiff's testimony and the lay witness statements along with the rest of the evidence. Accordingly, the court finds that remand for further administrative proceedings is the proper remedy.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's testimony and the lay witness evidence. The ALJ The ALJ shall further develop the record and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 13th day of September, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge